IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **V.** | * | **CRIMINAL NO. SAG-21-0203** |
| **COLBY STREET** | * | |

### MEMORANDUM AND ORDER

Currently pending is Defendant's Motion to Reopen Detention Hearing ("Motion") (ECF No. 25), Defendant's medical records (ECF No. 26-Sealed), Government's Response in Opposition to Defendant's Motion to Reopen Detention Hearing ("Opposition") (ECF No. 33 - Sealed), and Defendant's Reply in Support of Motion to Reopen Detention Hearing ("Reply") (ECF No. 35 - Sealed). For the reasons noted below, the court concludes that the pending Motion does not offer a basis for reconsideration of the detention order in this case and, accordingly, the Motion (ECF No. 25) is denied.

A detention hearing was held in this case on July 26, 2021 before the Honorable Deborah L. Boardman and the court entered an Order of Detention (ECF No. 12). At the time of the detention hearing, the defendant was charged by indictment with Possession of a Firearm and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(1); Possession with Intent to Distribute a Controlled Substance, 21 U.SC. § 841(a); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c). The court detained the defendant on the basis or risk of danger to the community and detailed the reasons for detention in an Order of Detention (ECF No. 12). The Order provided: "There is a rebuttable presumption of detention because of the CDS and 18 U.SC. § 924(c) charges. In addition, under Rule 32.1(a)(6) and 18 U.S.C. 3143(a)(1), Mr. Street, who is on supervised release, bears the burden of proving by clear and convincing evidence

1

that there are conditions of release that would reasonably assure the safety of the community. He has not met his burden. Mr. Street's term of supervised release began in February 2020. Ten months later, he was arrested after officers observed him "blading" as he stood in front of a liquor store on North Avenue in Baltimore. Upon seeing officers approach him, he allegedly took an object from his waistband and placed it on the ground, which was later identified as a loaded firearm, and he ran. Officers soon apprehended him and recovered 47 vials of cocaine base from him. Mr. Street has prior, albeit dated, convictions for attempted CDS distribution and a 2015 federal conviction for PWID heroin." (Id.) The Motion was referred to the undersigned in light of Judge Boardman's appointment as a United States District Judge. (Id.) The undersigned has reviewed the entire record in this case and, for the reasons noted below, denies the Motion.

Defendant seeks reconsideration of his detention arguing that, at the time he filed his motion, there was an outbreak of COVID-19 at the Chesapeake Detention Facility ("CDF") where he is detained, that his underlying medical condition puts him at greater risk of complications if he contracts the virus, and that he may be one of the individuals who may have been provided with a spoiled vaccine. (ECF No. 25 at 3-7). Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the [detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. At the outset, the court notes, as did Judge Boardman, that because the defendant was on federal supervised release at the time of the alleged offense, there is a presumption in favor of detention, and the burden is on the defendant to prove by clear and convincing evidence that there are conditions of release that would reasonably assure

the safety of the community.[1]  In addition, there is a rebuttable presumption in favor of detention pursuant to 18 U.S.C. § 3142(e)(2).  Therefore, the court will consider whether the conditions at CDF as well as defendant's underlying medical condition[2] and the uncertainty as to whether he received a spoiled vaccine have a material bearing on the court's conclusion that the presumption in favor of detention had not been rebutted.

The court notes that conditions at CDF are significantly better now than they were when the defendant filed his Motion and that there are few, if any, positive COVID cases at CDF currently.  Indeed, conditions now may be even better than they were at the time of the defendant's original hearing.  Accordingly, those conditions do not offer a basis for reopening the detention hearing. Defendant maintains that his medical condition places him at greater risk if he is infected with the virus. The medical records offered by the defendant reflect that he is being regularly seen by medical staff at CDF, is receiving medication as necessary and that his condition is stable. ((ECF No. 26-Under Seal).  In considering release for health reasons, the court considers not only traditional Section 3142 factors, but also the nature of the health risk to a defendant upon release, as well as the nature of the risk—health and otherwise—to others should a defendant be released.  Based upon the present record, the defendant's current medical status coupled with the conditions at CDF do not rebut the presumption of detention set forth in either 18 U.S.C. §3143(a)(1) or § 3142(e)(2).  Nor does the fact that defendant could **possibly** be one of the individuals in state custody who **potentially** received a spoiled vaccine warrant a reconsideration

---

[1] The defendant's initial appearance on the pending Violation of Supervised Release Petition, SAG-15-041, was held on July 26, 2021 and the violation remains pending.

[2] According to the Pretrial Services Report, the defendant did not report any underlying medical conditions at the time of his initial interview.  Therefore, it is unclear whether that condition was considered at the time of the original detention hearing.

of the detention order. Not only is defendant's argument that he received a spoiled vaccine extremely speculative, but defendant has not established how that fact—even if true—has any bearing on rebutting the presumption of detention in this case.  The court also notes that the third party custodian proposed by the defendant is the very same custodian noted in the Pretrial Report. The undersigned concludes now, as did Judge Boardman at the original detention hearing, that even the strictest conditions of release to include a third party custodian, electronic monitoring and related conditions are inadequate to ensure the safety of the community.

In sum, the undersigned concludes that the information offered by defendant does not have a material bearing on the court's previous findings regarding the defendant's danger to the community.  The defendant has not rebutted the presumption of §3142(e)(2), nor has defendant  established by clear and convincing evidence, pursuant to § 3143(a)(1), that there are conditions of release which would assure the community's safety.[3]  Accordingly, Defendant's Motion (ECF No. 25) is denied.


Date:   March 3, 2022                           /s/
                                                Beth P. Gesner
                                                Chief United States Magistrate Judge

---

[3] The court notes that it has also considered release under § 3142(i).  The court has herein broadly employed the analysis suggested by the Fourth Circuit in United States v. Creek, No. 20-4251, Doc. 18 (4th Cir. Apr. 15, 2020) in considering COVID-19 based requests for temporary release under §3142(i), although the Creek order did not explicitly apply this analysis to other provisions of the Bail Reform Act.  See United States v. Gallagher, SAG-19-479 (D. Md.), ECF No. 45 at 6-7. Specifically, the court has concluded that the defendant's medical condition, the conditions at CDF, and the possibility that he received a spoiled vaccine, do not rise to the level of a "compelling reason" warranting the defendant's temporary release under 18 U.S.C. §3142(i).